William J. Regan, S.
The decedent, Joseph S. Mistrett, died a resident of Erie County on January 18, 1971, and letters of administration were granted to the decedent’s son, the petitioner, on May 22,1971. The administrator petitioned this court on April 27, 1973, for an order judicially settling his accounts.
It appears that the decedent on or about April 15, 1966, was declared incompetent and a committee was appointed to manage and handle the decedent’s business and personal affairs. On the 20th day of December, 1967, the decedent was, after a hearing held before the Honorable Abthue J. Cosgbove, Supreme Court Justice, adjudicated mentally competent to manage and handle his own affairs.
Subsequent thereto the decedent’s widow, Frances Mistrett, commenced an action for separation against the decedent, which was contested and resulted in a judgment by Honorable Michael A. Catalano, Supreme Court Justice, in favor of Frances Mistrett, granting her a separation and a monetary award against the decedent in the approximate amount of $20,631.28.
A notice of appeal of said judgment was filed by the decedent’s attorney on March 4, 1970. An order of the Appellate Division in and for the Fourth Department was granted, dismissing the appeal as of July 10, 1970, on the grounds that the decedent failed to prosecute the appeal.
The decedent, with new counsel, on October 29, 1970, applied to the Honorable Michael A. Catalano, Supreme Court Justice, for an order vacating and setting aside the aforesaid judgment on various legal grounds, which was denied by an order entered on December 17,1970. A notice of appeal of said order was filed on January 7,1971,11 days before the death of the decedent.
The primary objection of the respondent creditors to the accounting filed herein revolves around the failure of the administrator to prosecute this latter appeal which, if successfully concluded, would inure to the benefit of the creditors and, most *379 naturally, to the detriment of his mother, Frances Mistrett, the judgment creditor.
This court is not going to become involved with the merits and issues of the appeal in question, but is disposed to permit the respondent creditors the opportunity to pursue said appeal. The administrator has indicated a willingness to permit the creditors to begin a lawsuit against the committee of Joseph S. Mistrett, incompetent. However, the administrator has declined to consent to permitting creditors to attempt to pursue the appeal mentioned above. These positions seem to be inconsistent, especially since the administrator’s mother, if the appeal was successful, would be asked to return over $20,000 to the estate which had been paid to her as a judgment creditor. However, the proceedings must be commenced forthwith and concluded on or before December 1, 1973. The administrator is directed to consent and co-operate in said proceedings or be removed upon proper application to the court.
The respondents will, however, pursue the aforesaid action at their own expense and will not charge said expense against the administrator and/or the estate.
It is further the decision of this court that the accounting be approved as filed and that all other matters concerning the potential claims of creditors and other relief requested by the administrator’s petition be deferred and held in abeyance until the conclusion of the aforesaid proceedings except, however, that the administrator is authorized and directed to pay the New York State estate tax as may be computed.